IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> DIONNE MICHELLE WHITTED, <br><br> Defendant. | 1:10-cr-00412-WSD-2 |

**OPINION AND ORDER**

This matter is before the Court on Defendant Dionne Whitted's Motion for Reconsideration of Sentencing Order ("Motion") [246].

**I. BACKGROUND**

On November 8, 2011, Defendant, following her plea of guilty, was convicted of giving a False Statement to a Federally Insured Institution in violation of 18 U.S.C. §§ 1014 and 2. On April 27, 2012, she was sentenced to sixty-two (62) months of confinement and five (5) years of supervised release.

Defendant, on October 18, 2010, was first arrested for her offense of conviction. That same day she was released on bond and was on bond until she reported to serve her sentence of incarceration. While on bond, she was required

to comply with the standard bond conditions.  She was not on home detention or under other restrictions.

Defendant claims in her Motion that she is entitled, under 18 U.S.C. § 3585(b), to credit against her custodial sentence for the period she was on bond.  She argues that because she was "in the Custody of the U.S. Probation Office and she was required to report to her Probation Officer and adhere to any other conditions that her Probation Officer deemed necessary," she is entitled to credit toward her sentence of confinement.  (Mot. at 2).

## II.  DISCUSSION

A defendant is entitled to credit against a sentence of incarceration under the limited circumstances described in 18 U.S.C. § 3585.  Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time [the defendant] has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
>
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Defendant's argument is squarely foreclosed by <u>Reno v. Koray</u>, 515 U.S. 50 (1995).  In <u>Koray</u>, the Supreme Court held that "credit for time spent in 'official detention' under [18 U.S.C .] § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' [18 U.S.C.] § 3621(b), and who were subject to [the] BOP's control."  515 U.S. at 58.  Defendant was not detained in a penal or correctional facility or subject to the control of the BOP during her pretrial release.  As a result, under <u>Koray</u>, her bond conditions did not constitute "official detention" within the meaning of 18 U.S.C. § 3585(b), and she is not entitled to the sentencing credit she seeks.  See <u>Rodriguez v. Lamer</u>, 60 F.3d 745, 747-48 (11th Cir. 1995).

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration of Sentencing Order [246] is **DENIED**.

**SO ORDERED** this 25th day of July, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE